PHOEBE WHITNEY, Individually and as Administratrix of KELLY W. WHITNEY, Deceased, Respondent, *v.* ALFRED E. KING, as Treasurer of the GRAND LODGE, BROTHERHOOD OF RAILROAD TRAINMEN, and Another, Appellants.

Third Department, September 26, 1924.

Associations — mutual benefit association — plaintiff's intestate held insurance certificate in labor union — intestate, after notice of charges, advised union it could take any action and after expulsion did not seek review — intestate abandoned claims and waived all formalities.

Recovery cannot be had on a certificate of insurance issued by a labor union to the plaintiff's intestate, since it appears that after the certificate was issued the intestate was served with charges and summoned to appear and answer the same, and that instead of appearing he wrote the labor union advising it that it might take any action it desired and after his expulsion he did not tender or pay any dues or assessments and did not take any action to procure reinstatement or other relief.

When plaintiff's intestate declined to appear and answer the charges and informed the union that it could take such action as it saw fit, and after notice of his expulsion took no steps to review the action or to procure reinstatement, he abandoned all his claims as a member of the union and waived all notices or formalities in its procedure following the service of the charges upon him.

APPEAL by the defendants, Alfred E. King, as treasurer, and another, from a judgment of the Supreme Court in favor of the plaintiff and against the defendant Alfred E. King, as treasurer, entered in the office of the clerk of the county of Saratoga on the 24th day of October, 1923, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 16th day of November, 1923, denying the defendants' motion for a new trial made upon the minutes.

*William T. Moore*, for the appellants.

*Robert W. Fisher*, for the respondent.

VAN KIRK, J.:

Plaintiff's intestate was a member of the Brotherhood of Railroad Trainmen, an unincorporated association organized at Oneonta, N. Y., but now having its grand lodge and principal headquarters in the city of Cleveland, O. This association consists of a grand lodge, of which the defendant King is the treasurer, and various subordinate lodges located throughout the country. Plaintiff's intestate was a member of local Lodge No. 311, having its headquarters at Mechanicville, N. Y. The Brotherhood of Railroad Trainmen maintains an insurance fund which may be participated in by certain of its members, called beneficiary members. Plaintiff's intestate was a beneficiary member, there having been issued to him and he having obtained on or about the 25th day of November, 1914, a beneficiary certificate which entitled his wife, upon his death, to receive the sum of $1,800, subject to the provisions of the certificate which included the express condition that plaintiff's intestate should comply with the constitution, general rules and regulations of the brotherhood. On July 16, 1922, plaintiff's intestate was given notice by his lodge that charges were preferred against him to the effect that he had violated the obligations and principles of the order; that he had coupled air hose on a train in the Delaware and Hudson yard while working as a special officer; also stating that he was refused a withdrawal permit for which he had asked; and he was summoned to appear at a time and place fixed to answer the charges. He, on July twentieth, made answer by letter to the secretary of his lodge, in which he protested that he was not guilty of the charge, but stated that he declined to appear because, as the case stood, he would be found guilty, and said further: " So you can take whatever action you care to do in this case." Thereafter certain proceedings were had resulting in the alleged expulsion of plaintiff's intestate, of which he was duly informed. Thereafter he did not tender or pay dues or assessments which were required to be paid by beneficiary members, nor did he take any action to procure reinstatement or any relief. Plaintiff's intestate was expelled in August, 1922, and he died on February 8, 1923.

The plaintiff brings this action claiming that she is entitled to the amount agreed to be paid by the beneficiary certificate, as the alleged expulsion was a nullity because the proceedings were not taken in conformity with the constitution, rules and regulations of the brotherhood.

The plaintiff and defendant each moved for direction of a verdict. The court, without making specific findings, thereupon directed judgment for plaintiff.

When the plaintiff's intestate declined to appear and answer the charges and informed the lodge that it could take such action as it saw fit to take in his case, and after notice of his expulsion took no steps to review the action or to procure reinstatement, he abandoned all his claims as a member of the order; and waived all notices and formalities in its procedure following the serving of the charges upon him. The beneficiary certificate became invalid when he was expelled. The judgment and order herein should be reversed, with costs, and the complaint dismissed.

All concur; HINMAN, J., and COCHRANE, P. J., also concurring in separate opinion by HINMAN, J.

HINMAN, J. (concurring):

Aside from the merits of the plaintiff's cause of action, as to which I concur in the opinion of VAN KIRK, J., the defendant King has raised the question that he is not, as treasurer of the grand lodge, the proper party to this action so far as the grand lodge is concerned; that the action is brought under section 13 of the General Associations Law (as added by Laws of 1920, chap. 915), being formerly the last two sentences of section 1919 of the Code of Civil Procedure, and that in order to maintain an action against him as treasurer of the brotherhood, it must appear that the cause of action is one which the plaintiff could maintain against all of the members of the association, either jointly or severally. Such is the accepted construction of the statute in question. (*McCabe v. Goodfellow,* 133 N. Y. 89, 92; *Schouten* v. *Alpine,* 215 id. 225; *People ex rel. Solomon* v. *Brotherhood of Painters,* 218 id. 115.)

It appears from the testimony in the case and the constitution, rules and regulations of the brotherhood that the association has on hand a large fund from which payment of benefits such as the one in question is to be made. This fund has been accumulated from assessments and income of the brotherhood. This fund being on hand there is no necessity of any further assessment in order to pay the amount due on the beneficiary certificate. The association is composed of members some of whom are bound to contribute to the beneficiary fund and others who are not. Nothing appears in the constitution, rules or regulations or the beneficiary certificate indicating any joint or several liability on the part of all members to pay the amounts due on the beneficiary certificates. Only the beneficiary members are required to pay assessments toward the maintenance of the beneficiary fund. Plaintiff's intestate was a member of the association and the presumption is that he was acquainted with the constitution, rules and regulations of the association. The liability of officers and members of the

association in so far as the enforcement of the beneficiary certificate is concerned depends upon the provisions contained in the certificate and the constitution, rules and regulations of the association. As the case stands those members who agreed to contribute to the fund out of which payment of this beneficiary certificate must be made have contributed. The fund has been constituted, is intact, and in the hands of the treasurer of the association, available for payment. Under the circumstances there is no general liability on the part of all the members of the association to pay the amount agreed to be paid on the beneficiary certificate, and even though the funds were inadequate there is no agreement on the part of all the members of the association to contribute. This action is statutory and must be strictly construed. In the absence of a joint and several liability on the part of all the members to pay this money or to supply the fund from which to pay it, the statute has no application.

The plaintiff claims that even though there may be no liability on the part of the defendant treasurer under the General Associations Law, yet such defendant is liable as an agent of an undisclosed principal. The difficulty with this theory is that the principal is not undisclosed, although such principal or principals may be uncertain. The defendant treasurer when he signed the beneficiary certificate and when he received the fund, of which he is the custodian, did not purport to act for himself but solely in behalf of the beneficiary members of the association. All the facts in relation to the constitution, rules and regulations of the order were within the knowledge of the treasurer and plaintiff's intestate when the beneficiary certificate was made and in so far as the treasurer King acted for others he so purported to act, and did not conceal his agency.

Since the plaintiff could not properly bring this action under the General Associations Law, the judgment and order are reversible upon that additional ground.

COCHRANE, P. J., concurs.

Judgment reversed on the law and facts and complaint dismissed, with costs. The court disapproves a finding that the plaintiff's intestate did not abandon his claims as a member of the order and did not waive all notices and formalities in its procedure under the charges against him. The court finds that plaintiff's intestate did abandon all his claims and rights as a member of the order and waived all notices and formalities in the procedure under the charges against him.